UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN SALMEN,<br>CDCR #BK-5881,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>J. HODGES, Chief Physician,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:21-cv-0966-JLS-DEB<br><br>**ORDER (1) DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915A(b)(1) AND (2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT**<br><br>(ECF No. 2) |

Plaintiff Justin Salmen, currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

**I.    Sua Sponte Screening Pursuant to 28 U.S.C. § 1915A(b)**

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to review complaints filed by anyone "incarcerated or detained in any facility who

is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP. *See* 28 U.S.C. § 1915A(a), (c). Pursuant to this provision of the PLRA, the Court is required to review prisoner complaints which "seek[] redress from a governmental entity or officer or employee of a government entity," and to dismiss those, or any portion of those, which are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or which "seek monetary relief from a defendant who is immune." 28 U.S.C. § 1915A(b)(1)–(2); *Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

Plaintiff's Complaint is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915A(b)(1) because it is duplicative of another civil action he filed in this Court last year. *See Salmen v. CDCR., et al.*, S.D. Cal. Civil Case No. 3:20-cv-02088-GPC-KSC (*"Salmen I"*). A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

In *Salmen I*, Plaintiff identified J. Hodges, an RJD physician, as a Defendant and claimed that on May 22, 2020, Hodges "intercepted with [Plaintiff's] request to speak with his or her supervisor" and as a result, Plaintiff's "request [was] silenced." *See Salmen I,* Amended Compl., ECF No. 7 at 3.

On November 23, 2020, Judge Curiel dismissed portions of Plaintiff's Amended Complaint in *Salmen I* pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), including all of his claims against Defendant Hodges, but determined Plaintiff's remaining claims were sufficient to survive sua sponte screening. *See Salmen I*, ECF No. 8 at 4–8. A summons

was issued, and Judge Curiel directed the U.S. Marshal to effect service upon Defendant Chau on Salmen's behalf pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3). *Id.* at 7–9.

In the Complaint filed in this matter, Plaintiff realleges, as he did in *Salmen I*, that on May 22, 2020, Defendant Hodges "intercepted [his] request to speak with the Healthcare Captain." Compl. at 4.

As pleaded, the Court finds Plaintiff's claims in this case are duplicative of those previously alleged and dismissed in *Salmen I*. A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). Because Plaintiff has already brought and had dismissed the same claims as those presented in the instant action against the same defendant in *Salmen I*, dismissal of this duplicative and subsequently filed civil case pursuant to 28 U.S.C. § 1915A(b)(1) is warranted. *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1; *see also Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688–89 (9th Cir. 2007) ("[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same."), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

## II. Conclusion and Order

Good cause appearing, the Court:

(1) **DISMISSES** this civil action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

(2) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as moot.

(3) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

///

///

(4)     **DIRECTS** the Clerk of the Court to enter a judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated:  May 24, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge